Ezra **WILLIAMS**

v.

**AVCO LYCOMING, A DIVISION OF TEXTRON, INC.**

**Civ. No. B–88–165(WWE).**

United States District Court,
D. Connecticut.

Jan. 3, 1991.

48

Ezra Williams, Stamford, Conn., pro se.

Victoria de Toledo, Joseph N. Varon, Stamford, Conn., for plaintiff.

Edward Maum Sheehy, Williams, Cooney & Sheehy, Bridgeport, Conn., J. Kevin Hennessey, Don A. Banta, Anthony S. Graefe, Naphin, Banta & Cox, Chicago, Ill., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

EGINTON, District Judge.

*Background*

Plaintiff, Ezra Williams, brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Count I), § 1981 of the Civil Rights Act of 1866 (Count II), state common law (Count III) and the Employee Retirement Income Security Act of 1974 ("ERISA") (Count IV). As a basis for his claims, plaintiff alleges that from the commencement of his employment in September, 1976, through his discharge in March, 1986, he was denied promotional opportunities, was demoted, was subjected to continuing abusive and threatening harassment by several of the defendant's supervisory personnel and was denied privileges and otherwise treated differently from defendant's white employees. Plaintiff claims that his termination, rather than being for cause as defendant claims, was merely the culmination of a systematic attempt on the part of several of the defen-

dant's supervisory personnel to have him terminated.

By this motion, defendant, Avco Lycoming ("Avco"), seeks summary judgment on Counts One and Four of the Third Amended Complaint and seeks to have Counts Two and Three dismissed for failure to state a cause of action. In support of its motion defendant argues that the § 1981 discharge claim must be dismissed, citing as authority *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In addition, defendant argues that it is entitled to summary judgment on the Title VII claims since the undisputed facts, as found by an arbitrator, demonstrate that plaintiff was discharged for good cause, sleeping during working hours. Defendant further argues that plaintiff's state law claims for negligent infliction of emotional distress must be dismissed because any such claim is barred by the Connecticut Workers' Compensation Act, Conn.Gen.Stat. § 31–284(a), and because it is preempted by § 301 of the Labor Management Relations Acts ("LMRA"), 29 U.S.C. § 185. Alternatively, defendant seeks summary judgment on this Count, claiming that there is no genuine issue of material fact. Finally, defendant seeks summary judgment on the ERISA count, claiming that the undisputed facts demonstrate that plaintiff was discharged for good cause unrelated to his accrual of nonforfeitable pension benefits.

For the reasons set forth below, defendant's motion will be granted in part and denied in part.

*Discussion*

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). In determining the motion, the Court shall consider only those facts that appear on the face of the complaint. *Id.* Such facts are presumed to be true, and all reasonable inferences that may be drawn from them shall be made in favor of the non-moving party.

*Id.* The Court shall deny the motion "unless it appears to a certainty that the plaintiff can prove no set of facts entitling him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the pleadings, depositions, interrogatories and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Facts that might affect the outcome of the suit under governing substantive law are considered material and properly preclude the entry of summary judgment. *Nichols v. Planning and Zoning Commission of the Town of Stratford,* 667 F.Supp. 72, 74 (D.Conn.1987).

Inferences to be drawn from the underlying facts on summary judgment must be viewed in the light most favorable to the non-moving party *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and all ambiguities must be resolved in favor of the party defending against the motion. *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). On a motion for summary judgment, "the court cannot try issues of fact; it can only determine whether there are issues to be tried." *Schering Corp. v. Home Ins. Co.,* 712 F.2d 4, 9 (2d Cir.1983). Moreover, summary judgment is ordinarily inappropriate where intent and motive are at issue. *Montana v. First Federal Savings and Loan Association,* 869 F.2d 100, 103 (2d Cir.1989). Since intent is always an issue in employment discrimination cases, summary judgment is especially disfavored in these cases. *EEOC v. Home Ins.,* 672 F.2d 252 (2d Cir.1982).

A. Count One—Title VII

In his Title VII count, plaintiff claims racial harassment and discriminatory discharge. In support of this claim, plaintiff alleges that during the time he was em-

ployed in Avco's electronics department he was subjected to harassment. Such harassment appears to have begun in 1981. On one occasion in 1981 plaintiff claims that he left his work station approximately ten minutes early for lunch and as a result was suspended for several days. In addition, plaintiff claims that in or about 1981, plaintiff was given a warning for allegedly leaving his work station even though he was in fact in his correct work station at the time. After plaintiff filed a grievance, defendant rescinded the warning. Plaintiff also asserts that his supervisors swore at him, denied him privileges and otherwise treated him differently from white employees.

Finally, plaintiff claims that on or about March 13, 1986, he arrived at work at 11:00 P.M. and reported to his supervisor to get a work assignment. Plaintiff alleges that his supervisor ignored him and so he returned to his work station and waited for someone to give him an assignment. After about thirty minutes two of plaintiff's supervisor's came over to give him his assignments and accused him of sleeping. Plaintiff responded that he had not been sleeping. Nevertheless, plaintiff's supervisor gave him a notice to appear on March 17, 1986 at the Labor Relations Office and when he did so, he was fired for sleeping on the job. In further support of his claims, plaintiff sets forth several other allegations that, while not factual predicates to the Title VII claim, provide what plaintiff asserts is circumstantial evidence of defendant's discriminatory motive and intentions.

Plaintiff argues that the treatment he was subjected to was not in accordance with the normal procedure followed with respect to charging an employee with sleeping on the job. Plaintiff claims that several white employees were found sleeping, but were not terminated.

Defendant has moved for summary judgment on plaintiff's claims for harassment and discharge brought pursuant to Title VII. Defendant claims that as to the discharge, the Court should defer to the decision of the arbitrator who concluded that plaintiff was discharged for good cause. As to plaintiff's claims based on racial harassment, defendant alleges that these are barred by limitations, laches and the failure of plaintiff to file an appropriate and timely administrative charge of discrimination with the Connecticut Commission on Human Rights and Opportunities and the EEOC as specified in 42 U.S.C. § 2000e–5(c).

■ Initially, the Court notes that an arbitration decision does not preclude a subsequent Title VII action. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). In that case, the Supreme Court stressed that Congress intended to allow an individual to pursue his or her rights under Title VII as well as other statutes. *Id.* at 47–49, 94 S.Ct. at 1019–20. In addition, the Supreme Court noted that the enforcement of Title VII was the responsibility of the federal courts, not state arbitrators. 415 U.S. at 45, 94 S.Ct. at 1018. In *Cheung v. New York State Office of Mental Health,* 50 FEP 868, 1989 WL 87596 (W.D.N.Y.1989), the court noted that arbitration is not the appropriate forum for determining discrimination issues. First, arbitrators "may lack expertise to properly invoke federal civil rights statutes." Furthermore, "the interests of the grieving employee and his union may not be identical or compatible with respect to discrimination claims." Finally, "arbitral fact finding is ordinarily less comprehensive than and not as soundly bottomed as judicial fact finding." *Cheung,* 50 FEP at 870; citing *McDonald v. West Branch,* 466 U.S. 284, 290–291, 104 S.Ct. 1799, 1803–04, 80 L.Ed.2d 302 (1984). Thus, although a court may accord a properly conducted arbitration proceeding great weight, *see Alexander v. Gardner Denver,* 415 U.S. 36, 60 fn. 21, 94 S.Ct. 1011, 1025 fn. 21, 39 L.Ed.2d 147 (1974), a court should not preclude plaintiff from receiving a *de novo* hearing in a federal forum.

■ With regard to the plaintiff's claim of racial harassment, the Court notes that claims which were not raised in an administrative charge are still properly before a court if they are reasonably expected to

grow out of the administrative filing. *Miller v. IT & T,* 755 F.2d 20 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). In addition, a court may consider claims that are reasonably related to claims filed with the EEOC. *Kirkland v. Buffalo Board of Education,* 622 F.2d 1066, 1068 (2d Cir.1980). Claims that are reasonably related or grow out of the EEOC claims are claims that "address the same type of discrimination". *Kawatra v. Medgar Evers College,* 700 F.Supp. 648, 654 (E.D.N.Y.1988), citing *Almendral v. N.Y.S. Office of Mental Health,* 743 F.2d 963, 967 (2d Cir.1984).

In this case plaintiff's 1986 CHRO complaint alleges a discriminatory discharge and includes a broader reference to discriminatory treatment in the context of the discharge. Further, plaintiff alleges that the disparate treatment complained of continued beyond the filing of the CHRO complaint and eventually culminated in plaintiff's termination. Thus, the Court finds that plaintiff's claims of racial harassment in this case are reasonably related to the 1986 CHRO discharge complaint and thus are properly before this Court.

Finally, as to both the discharge and harassment claims, the court finds that defendant has failed to meet its burden of showing that there are no genuine issues of material fact in dispute. Failing this, defendant's motion for summary judgment on the Title VII claims must be denied.

B. Count II—Section 1981 Claims

Defendant has moved to dismiss plaintiff's discharge claim brought pursuant to § 1981 on the ground that after the Supreme Court decision of *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) such claims are no longer viable. Although *Patterson* did not directly address the question of whether an alleged discriminatory discharge would be actionable under § 1981, a majority of courts which have addressed this question in light of *Patterson* have concluded that a discriminatory discharge, without more, is outside the scope of § 1981. *See Bernard C. Duse, Jr. v. International Business Machines Corp, et al.,* 748 F.Supp. 956 (D.Conn.1990) and cases cited therein.

In this case, however, there is not only plaintiff's alleged discriminatory discharge, but defendant's refusal to rehire plaintiff, allegedly based on the same racial animus that he claims resulted in his discharge. Plaintiff asserts that although defendant refuses to rehire him, white employees fired on the same grounds, *i.e.,* sleeping on the job, have been rehired. Assuming plaintiff's allegations to be true for purposes of this motion, defendant's discharge of plaintiff, coupled with its refusal to consider him for reemployment, denied plaintiff the opportunity to enter into a new contract with the employer and thus violated § 1981. *Patterson v. McClean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). (§ 1981 applicable to discriminatory refusal to enter into contract); *see also Carroll v. Elliott Personnel Services,* 51 FEP 1173, 1175, 1989 WL 167678 (D.Md.1989). For these reasons, the court declines to dismiss plaintiff's § 1981 claims at this time.

C. Count III—Negligent Infliction of Emotional Distress

In this count plaintiff alleges that the actions of Textron caused him to suffer mental and emotional distress and anguish. Defendant seeks to have this count dismissed, claiming that it is barred by the exclusivity provisions of the Connecticut Workers' Compensation Act, Conn.Gen. Stat. § 31–284(a). Alternatively, defendant argues that plaintiff's common law claims are preempted by Section 301 of the Labor Management Relations Act. Finally defendant argues that even if plaintiff's claim is not barred by either of those provisions, it should be dismissed because it fails to state a claim for negligent infliction of emotional distress.

Under applicable Connecticut law, the issue of compensability under the Workers' Compensation Act is determined by whether or not the worker's injury is one "arising out of and in the course of employment." *Morin v. Lemieux,* 179 Conn. 501, 504, 427

**52**

A.2d 397 (1980). Because the court finds that plaintiff's alleged injuries arose out of and in the course of his employment, plaintiff's claim for negligent infliction of emotional distress must be dismissed and the court need not address defendant's other contentions.

### D. Count IV—ERISA

■ At the time of plaintiff's termination he was, by all accounts, six months away from the time when his pension benefits would have vested. In Count IV plaintiff claims that in addition to defendant's racially discriminatory reasons for discharging him, his discharge occurred at the time it did in order to frustrate the vesting of these benefits. In support of this contention, plaintiff provides an affidavit of a former co-employee who purportedly heard supervisory personnel make statements to the effect that plaintiff would not be able to collect his pension because "he would not be around much longer."

As noted previously, the Court must, on a motion for summary judgment, draw all inferences in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Although admittedly a close question, the court declines to grant summary judgment to defendant on this count at this time, finding that the question of defendant's intent in firing plaintiff, whether it was based on racial animus, whether it was to deprive plaintiff of his pension benefits or whether it was for both or neither of those reasons, presents a genuine issue of material fact resting in part on the credibility of witnesses. Therefore, defendant's motion for summary judgment as to Count IV of plaintiff's complaint will be denied.

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss and for summary judgment is GRANTED as to Count III and DENIED in all other respects.