956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John A. ALEXANDER, Plaintiff-Appellant,
v.
U.S. ECOLOGY, INC., Defendant-Appellee.
 No. 91-5296.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1992.
As Amended April 9, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 This is a civil rights action brought under 42 U.S.C. § 1981. The plaintiff, a black man whose employment had been terminated by the defendant company because of a "business decline," alleged that the defendant made a racially motivated decision not to hire him back after a variety of positions, including his old job, opened up more than a year later.
 
 
 2
 Pursuant to Rule 12(b)(6), Fed.R.Civ.P., the company moved to dismiss the complaint for failure to state a claim on which relief could be granted. The district court granted the motion. The court noted that the statutory protection of the right to "make" contracts has been held to extend only to the "formation" of contracts; § 1981 does not deal with "conduct by the employer after the contract relation has been established...." Patterson v. McLean Credit Union, 491 U.S. 164, 177 (1989). The plaintiff's complaint was insufficient as a matter of law, the district court concluded, because it did not allege a discriminatory refusal to enter into a new contract; "[r]einstatement," in the court's words, "is a continuation of an existing relation between the employer and employee and not a new and distinct relationship as required by Patterson."
 
 
 3
 The plaintiff's complaint may not be a model of precision, but we believe it can fairly be read as alleging that the plaintiff's contract of employment was "terminated"--a verb used repeatedly in the complaint and accepted by the defendant--and that the defendant's failure to hire the plaintiff back was something other than an incident in a continuing employment relationship. The complaint specifically alleges that the defendant, motivated by improper racial considerations, "denied Plaintiff the opportunity to enter into a new contract with defendant...." We believe that the district court erred in holding that this complaint failed to state a claim cognizable under § 1981, as interpreted in Patterson, and we shall therefore reverse the order of dismissal.
 
 
 4
 * The plaintiff, John Alexander, alleged in his complaint that he is an African-American; that he was employed in South Carolina by the defendant, U.S. Ecology, Inc., as a driver-technician hauling nuclear waste; that he was "terminated from his employment by defendant on July 7, 1987;" that the company subsequently informed him that it had laid him off because it was experiencing a business decline, but told him that he would be "eligible for recall to his former position should business conditions warrant such recall;" that the South Carolina position reopened in October of 1988, as did driver-technician jobs at other locations; that the defendant filled all of the jobs, including the plaintiff's old position, with white men; that the company's decision "was motivated by racially improper reasons and discriminated against Plaintiff, who had been defendant's only black driver, and, if rehired, would continue to be defendant's only black driver;" and that the defendant not only committed a breach of an agreement to rehire the plaintiff when a driver-technician opening occurred, but engaged in "racial discrimination against Plaintiff in the making of a contract to hire within the purview of 42 U.S.C. § 1981." As noted above, the complaint expressly averred a denial of "the opportunity to enter into a new contract with defendant...."
 
 
 5
 The complaint was filed in the United States District Court for the Northern District of Illinois in February of 1990. A few weeks later the defendant filed an answer in which, among other things, it admitted that it had terminated the plaintiff's employment on July 7, 1987; denied that it had entered into a contractual obligation to rehire the plaintiff; and denied that it was guilty of racial discrimination. The answer asserted three affirmative defenses, including failure to state a cause of action.
 
 
 6
 The case was transferred to the United States District Court for the Western District of Kentucky in April of 1990, and the company filed its motion to dismiss on May 25. Thirty days later the plaintiff moved for leave to file an amended complaint adding a count alleging that the defendant's refusal to rehire him was an act of retaliation for his having filed a discrimination charge against the company with the Equal Employment Opportunity Commission. The company opposed the motion to amend, and all pending issues were fully briefed.
 
 
 7
 The district court entered its order dismissing the complaint under Rule 12(b)(6) on February 11, 1991. The motion for leave to amend the complaint was denied as moot. A memorandum opinion accompanying the order explained the court's reasoning in terms described at the outset of this opinion. The plaintiff filed a notice of appeal within the prescribed time.
 
 
 8
 The Civil Rights Act of 1991, which broadened the reach of § 1981, was signed into law prior to oral argument. The parties have invited us to decide whether the act should be applied retroactively, but our disposition of the appeal makes it unnecessary to reach this issue.
 
 II
 
 9
 The relevant portion of § 1981 protects the right to "make and enforce contracts." The Supreme Court held in Patterson that this protection "extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment." Patterson, 491 U.S. at 176. Thus a racially discriminatory failure to promote one who has already entered into an employment relationship would be actionable under § 1981 "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relation...." Id. at 185 (emphasis supplied).
 
 
 10
 When plaintiff John Alexander was discharged in July of 1987, we must assume, his employment relationship with defendant U.S. Ecology came to an end. Whether or not the company subsequently entered into a legally enforceable contract giving Mr. Alexander a right to be recalled should business conditions warrant--a proposition asserted by the plaintiff and denied by the defendant--we must take it as given that there was a period following the discharge when no employment relationship existed at all. If he had subsequently been rehired, therefore, Mr. Alexander would have been entering into a relation that could only have been "new and distinct" vis-a-vis the situation that obtained after the discharge.
 
 
 11
 Some courts appear to have been more assiduous than others to prevent what are really discriminatory discharge claims--claims not previously thought actionable under § 1981, see Prather v. Dayton Power & Light Co., 918 F.2d 1255 (6th Cir.1990), cert. denied, 111 S.Ct. 2889 (1991)--from being entertained under § 1981 in the guise of claims for discriminatory refusal to make new contracts. See, e.g., Gersman v. Group Health Ass'n, Inc., 931 F.2d 1565, 1572-73 (D.C.Cir.1991), vacated on other grounds, 112 S.Ct. 960 (1992); Hull v. Cuyahoga Valley Bd. of Educ., 926 F.2d 505, 508-09 (6th Cir.), cert. denied, 111 S.Ct. 2917 (1991); McKnight v. General Motors Corp., 908 F.2d 104, 109 (7th Cir.1990), cert. denied, 111 S.Ct. 1306 (1991); Vakharia v. Swedish Covenant Hosp., 765 F.Supp. 461, 469-71 (N.D.Ill.1991); Williams v. Avco Lycoming, 755 F.Supp. 47, 51 (D.Conn.1991); Smith v. Continental Ins. Corp., 747 F.Supp. 275, 282 (D.N.J.1990), aff'd without opinion, 941 F.2d 1203 (3d Cir.1991); Chawla v. Klapper, 743 F.Supp. 1284, 1291 (N.D.Ill.1990); Kozam v. Emerson Elec. Co., 739 F.Supp. 307, 313-14 (N.D.Miss.1990), aff'd without opinion, 928 F.2d 401 (5th Cir.1991); Zeiour v. Chevron U.S.A., No. 87-4039, 1989 WL 140228 (E.D.La.1989); Carter v. O'Hare Hotel Investors, 736 F.Supp. 158, 160 (N.D.Ill.1989); Eklof v. Bramalea Ltd, 733 F.Supp. 935 (E.D.Pa.1989); Padilla v. United Air Lines, 716 F.Supp. 485, 490 (D.Colo.1989), rev'd on other grounds, 950 F.2d 654 (10th Cir.1991). We are aware of no published decision, however, that would compel the conclusion that the district court was required to grant a dismissal under Rule 12(b)(6) on the set of facts that can fairly be inferred from the complaint in the case at bar.
 
 
 12
 It remains to be said, finally, that Mr. Alexander cannot prevail under § 1981 unless he can show, among other things, that he actually applied to the defendant for a job following the termination of his employment. See Holland v. First Virginia Banks, Inc., 56 Empl.Prac.Dec. (CCH) p 40,864, at 67,540, 1991 U.S.App. LEXIS 14885, at * 11 (4th Cir.1991), vacated on other grounds, 60 U.S.L.W. 3577 (1992). We have no way of knowing of whether Mr. Alexander really did apply for a job; reading his complaint indulgently, however, we take it that Mr. Alexander claims to have made an application that was rejected on racial grounds. On a demurer to the complaint, there is no basis for a court to say that his claim is untrue.
 
 
 13
 The judgment of the district court is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.