**Barbara MEYERS, Plaintiff,**

v.

**Joseph P. ARCUDI, et al., Defendants.**

**Civil No. 3:95CV223 (PCD).**

United States District Court,
D. Connecticut.

March 4, 1996.

J. Daniel Sagarin, Margaret E. Haering, David A. Slossberg, Hurwitz & Sagarin, Milford, CT, for Plaintiff.

Raymond J. Plouffe, Jr., Bai, Pollock & Dunnigan, Bridgeport, CT, Richard J. Buturla, Brian A. Lema, Berchem, Moses & Devlin, P.C., Milford, CT, for Defendant Joseph P. Arcudi.

Stephen P. Fogerty, Halloran & Sage, Hartford, CT, for Defendant Andrew F. Fink.

Thomas P. O'Dea, Jr., Halloran & Sage, Hartford, CT, Deborah L. Bradley, Meriden, CT, for Defendant Town of Westport.

## RULING ON MOTION TO DISMISS

DORSEY, Chief Judge.

Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1983 and § 1985, and negligent infliction of emotional distress. Defendants move to dismiss the latter claim, in count four, pursuant to Fed. R.Civ.P. 12(b)(6).

### I. *Background*

The following facts are assumed, as alleged. Plaintiff is employed by the Town of Westport. Defendant Arcudi ("Arcudi") served as Chairman of the Representative Town Meeting Employee Compensation Committee. Arcudi became plaintiff's "employer," as defined in Title VII, upon his election as First Selectman of the Town in November of 1993. Defendant Fink ("Fink") was Arcudi's campaign manager and after Arcudi's election was appointed as Town Attorney. Plaintiff alleges that Arcudi sexually harassed and intimidated her by repeated phone calls to her home and office, unlawful assaults, and unwanted sexual advances.

Plaintiff alleges that Fink harassed her in retaliation for her reports about Arcudi's conduct to the Westport Police Department and the Commission on Human Rights and Opportunities. She contends that Fink filed a false job evaluation and denied her pay raises to which she was entitled. Plaintiff complained to the personnel director of the Town who took no action on her behalf. In March of 1994, defendants transferred and demoted plaintiff to a position at the Parks and Recreation Department.

Plaintiff claims, in count four, that defendants are liable for negligent infliction of emotional distress (NIED). Defendants argue that the exclusivity provision of the Connecticut Worker's Compensation Act (WCA) bars plaintiff's NIED claim.

## II. *Discussion*

### A. *Standard of Review*

A motion to dismiss should be granted only when "it appears beyond doubt" that a plaintiff fails to state any claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6); *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). All facts alleged in the complaint are presumed to be true and are considered in the light most favorable to the non-movant. *Williams v. Avco Lycoming,* 755 F.Supp. 47, 49 (D.Conn.1991).

### B. *Count Four—Negligent Infliction of Emotional Distress*

Defendants argue that Conn.Gen. Stat. § 31–284(a), the exclusivity provision of the Connecticut Worker's Compensation Act (WCA), bars plaintiff's NIED claim. That section provides that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment ... but an employer shall secure compensation for his employees as provided under this chapter." Conn.Gen.Stat. § 31–284(a).

When the WCA covers a claim, "statutory compensation is the sole remedy and recovery in common-law tort against the employer is barred." *Jett v. Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263, 1264 (1979). Plaintiff argues that the WCA does not pertain because her injury is not a "personal injury" as defined in the statute. Conn.Gen.Stat. § 31–284(a). In the alternative, Plaintiff contends that her injury did not "arise out of and in the course of" her employment. *Id.*

The WCA defines personal injury as "an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment." Conn.Gen.Stat. § 31–275(16)(A). Effective July 1, 1993, the Act was amended to exclude from the definition of personal injury, and thus from the bar of the WCA, "a mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease" and "a mental or emotional impairment which results from a personnel action, including but not limited to, a transfer, promotion, demotion or termination." Conn.Gen.Stat. § 31–275(16)(B)(ii)–(iii). Plaintiff argues that her claim of NIED falls within both exceptions. However, a mental or emotional impairment which arises from a physical injury or results from a personnel action is within the definition of a personal injury and is compensable under the WCA. Thus, it is barred from assertion of liability against an employer.

The amended definition of personal injury changed the prior rule that "mental disorders, even if not accompanied by physical trauma to the body, constitute an injury" compensable under the WCA. *Crochiere v. Board of Education of Town of Enfield,* 227 Conn. 333, 363, 630 A.2d 1027, 1043 (1993). The amendment clearly provides that no mental impairment is compensable under the WCA *unless it arises from physical injury.* Conn.Gen.Stat. § 31–275(16)(B)(ii). Recent Connecticut cases have held that the exclusivity provision of the WCA does not bar a claim for emotional distress where the distress did not arise from a physical injury. *Carr v. Devereux Foundation, Inc.,* No. CV 95–0067464, 1995 WL 541799 at *3–5 (Conn.Super.Ct., Sept. 6, 1995); *Stepney v. Devereux Foundation,* No. CV 0065885, 1995 WL 441928 at *1–4 (Conn.Super.Ct., July 17, 1995). No physical injury was alleged in those cases.

However, in the present case, plaintiff alleges that defendants' conduct caused her to become "physically and emotionally ill." (Compl. at ¶ 17.) In an analogous sexual discrimination case, where plaintiff pled both physical and emotional injuries, the district court determined that plaintiff's claim was partially barred to the extent it sought compensation for physical injuries. *Bennett v. Beiersdorf, Inc.,* 889 F.Supp. 46, 50–51 (D.Conn.1995). The court dismissed the negligent infliction of emotional distress claim, with leave to replead to seek recovery for mental or emotional impairment not arising from physical injury. *Id.* at 51. As currently pled, plaintiff's emotional injuries are

barred by the WCA to the extent they resulted from physical injuries.

 Plaintiff alleges defendants' conduct which eventually culminated in her transfer caused her emotional distress. To the extent that plaintiff's alleged emotional injury is the result of her transfer, the injury is within the "personnel action" exception to the WCA. However, the complaint makes no distinction between emotional injury allegedly incurred prior to the transfer or as a result of the transfer. As currently pled, to the extent that plaintiff's injuries arise from her transfer, they are barred by the WCA.

Plaintiff argues that even if her injury is a personal injury as defined by the WCA, her injury is not compensable under the WCA because it did not "arise out of and in the course of" her employment. A two-part test must be satisfied for an injury to arise both out of and in the course of employment. To determine whether an injury "arose out of" employment the "time, place, and circumstances of the injury" must be considered. *Crochiere,* 227 Conn. at 349, 630 A.2d at 1037. A causal connection must exist between the injury and the employment. *Id.* at 350, 630 A.2d 1027. Three requirements must be satisfied for an injury to be "in the course of" employment. The injury must occur: " '(a) within the period of the employment; (b) at a place the employee may reasonably be; and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it.' " *Crochiere,* 227 Conn. at 350, 630 A.2d at 1037 (quoting *McNamara v. Town of Hamden,* 176 Conn. 547, 550–51, 398 A.2d 1161, 1164 (1979)).

Some of defendants' conduct of which plaintiff complains took place out of the office and before defendant Arcudi became employed by the Town. Other conduct allegedly took place at the workplace while plaintiff was fulfilling her work duties. Plaintiff has not distinguished in the complaint which injuries were caused by what conduct. The former would not be compensable under the WCA nor barred. The latter could be.

Plaintiff has failed to distinguish in her complaint between purely emotional injuries and those allegedly stemming from physical injury. She has also not distinguished which alleged injuries stemmed from her transfer. Furthermore, plaintiff fails to distinguish between personal injury causally connected with her employment and that which stems from conduct outside the employment relationship. Therefore, it is impossible to determine if plaintiff's injuries as currently pled are excluded by WCA and defendants' motion to dismiss is granted.

### III. *Conclusion*

Accordingly, defendants' motions to dismiss count four (doc. 21 and 25) are granted without prejudice to plaintiff to replead on or before March 18, 1996 so as to exclude those injuries for which the WCA provides an exclusive remedy in accordance herewith.

SO ORDERED.