June K. SIMONS, Plaintiff,

v.

SOUTHWEST PETRO–CHEM, INC., A DIVISION OF WHITCO CORP., Defendant.

No. 88–2403–V.

United States District Court, D. Kansas.

Jan. 23, 1990.

---

Michael R. McIntosh, Kansas City, Kan., Randell J. Forbes, Wendell Betts, Frieden & Forbes, Topeka, Kan., for plaintiff.

W. Stanley Churchill, Robert D. Overman, Martin, Churchill, Overman, Hill & Cole, Chartered, Wichita, Kan., for defendant.

## ORDER

VAN BEBBER, District Judge.

This matter is before the court upon the motion of plaintiff's attorney to dismiss this action without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Doc. 41). Defendant Southwest Petro–Chem, Inc., opposes the motion and urges the court to dismiss this action with prejudice and assess both costs and attorneys' fees against the plaintiff (Doc. 43).

A brief restatement of the relevant uncontroverted facts will illuminate the parties' positions. Plaintiff, June Simons, was employed by defendant, Southwest Petro–Chem, Inc., when she was injured in a non-job related accident. As a result of this accident she was no longer able to perform the duties of her job. She requested that she be assigned "light" duties which she could perform despite her injuries. Defendant refused to give her such work and plaintiff's employment was terminated.

In response to her termination plaintiff filed a complaint of employment discrimination with the Kansas Commission for Civil Rights ("KCCR") alleging she, a black woman, was treated differently than a white employee. She charged that a white employee, in similar circumstances as herself, had been given "light" duties. She, on the other hand, had been dismissed. The KCCR investigated the nature of plaintiff's allegations and concluded that there was probable cause to believe that plaintiff was the victim of employment discrimination.

Plaintiff hired an attorney to take up her cause. The attorney for the plaintiff, who is now seeking this dismissal, spoke with the KCCR investigator and was informed that defendant had denied plaintiff certain employment rights that had been extended a white employee in similar circumstances. Believing he was justified in accepting the conclusions of a state agency, which has been officially given the responsibility of investigating discrimination charges, he filed this action.

While conducting discovery, attorney for plaintiff eventually came to the conclusion that the KCCR investigator had erred in his determination. Plaintiff's attorney, therefore, has filed this motion to dismiss without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant opposes this motion on the grounds that it will be prejudiced, and affirmatively asserts that it is due costs and attorneys' fees from plaintiff's attorney therefor, pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. sec. 1927.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that:

> ... an action shall not be dismissed at the plaintiff's instance save upon the order of the court and upon such terms and conditions as the court deems proper ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

It is within the sound discretion of the court to grant or deny a motion to dismiss pursuant to Rule 41(a)(2). *See Herring v. City of Whitehall,* 804 F.2d 464 (8th Cir. 1986). Generally, the court favors the traditional principle that dismissal under Rule

41(a)(2) should be granted unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second suit. *Chess v. Nieport,* 386 F.Supp. 312 (D.Cal.1974).

Defendant asserts that if this suit is dismissed without prejudice it will suffer plain legal prejudice. Defendant alleges, first of all, that plaintiff's attorney should have been aware that the claim was without merit in January of 1989. We do not reach the same conclusion. Second, it alleges that it has expended considerable time, energy, and resources on this case. Defendant states that it has twice attempted to depose plaintiff, has prepared pretrial materials, has filed witness and exhibit lists, has answered plaintiff's discovery requests, and has filed several motions to compel discovery. If plaintiff's exertions herein were to rise to the level of plain legal prejudice the court would deny plaintiff's motion to dismiss this action without prejudice.

While it is true that the parameters of "legal prejudice" to warrant denial of motion for voluntary dismissal are not absolutely clear, they are not, on the other hand, completely unintelligible. It has been held that a defendant was not prejudiced by voluntary dismissal where there has been *some* but not extensive discovery. *Tyco Laboratories, Inc. v. Koppers Co.,* 627 F.2d 54 (7th Cir.1980). Similarly, in *Conafay v. Wyeth Laboratories,* 841 F.2d 417 (D.C.Cir.1988), the Circuit Court for the District of Columbia held that it was an abuse of discretion to deny a motion for voluntary dismissal where the case was not yet nine months old and there was an absence of cognizable prejudice to the defendant where the motion was brought before extensive discovery or trial preparation had taken place and before dispositive motions were filed. *Id.* at 423.

In the instant situation the motion for voluntary dismissal was filed in the twelfth month of the proceedings. It was filed after discovery had begun but before it had become "extensive" or had been completed. It was filed before any dispositive motions were filed. Further, plaintiff alleges that

he seeks dismissal so that his client can pursue counsel elsewhere. Another suit thus appears imminent. Any discovery defendant has completed at this time will undoubtedly prove beneficial in the defense of that case. To dismiss this case with prejudice would unjustly foreclose plaintiff's claims. We do not find that defendant will suffer plain legal prejudice by the dismissal of this case without prejudice. We shall not grant defendant's motion for sanctions and attorney's fees.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's· motion to dismiss without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is granted. Defendant's counter-motion for attorney's fees, costs and sanctions is denied.

IT IS SO ORDERED.