950 F.2d 654
 62 Fair Empl.Prac.Cas. (BNA) 387,
57 Empl. Prac. Dec. P 41,098
Alan PADILLA, Plaintiff-Appellee/Cross-Appellant,
v.
UNITED AIR LINES, INC., Defendant-Appellant/Cross-Appellee.
 Nos. 89-1246, 89-1257.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 26, 1991.
 
 Michael D. Nosler of Rothgerber, Appel, Powers & Johnson, Denver, Colo. (Kathleen Cobb of United Air Lines, Inc., Chicago, Ill. and Samuel M. Ventola and Kathryn M. Sistrunk of Rothgerber, Appel, Powers & Johnson, Denver, Colo., with him on the briefs), for defendant-appellant/cross-appellee.
 John Mosby, Denver, Colo. (Elisa J. Moran, Denver, Colo., with him on the brief), for plaintiff-appellee/cross-appellant.
 Before LOGAN, McWILLIAMS and SEYMOUR, Circuit Judges.
 SEYMOUR, Circuit Judge.
 
 
 1
 On March 16, 1988, Alan Padilla filed a complaint against United Airlines, Inc. (United), alleging that United had discriminatorily terminated him in violation of 42 U.S.C. § 1981 (1988). Following a bench trial on the merits, the district court found in favor of the plaintiff and awarded him costs and $4,117.68 in backpay. One day later, the Supreme Court limited the cause of action under section 1981 to "discrimination in the 'mak[ing] and enforce[ment]' of contracts alone." Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989). On Motion for Reconsideration in light of the Supreme Court's new holding, the district court affirmed its verdict for Mr. Padilla, ordered United to remove the "Ineligible for Rehire" notation on Mr. Padilla's record, and denied Mr. Padilla's cross-motion for increased damages. United contends on appeal that Patterson precludes a cause of action for discriminatory discharge as a matter of law, and further that the verdict is unsupported by the evidence. Mr. Padilla continues to challenge the lower court's award of damages as insufficient.
 
 
 2
 Patterson was only a few weeks old when District Judge Arraj was called on to interpret its applicability to discriminatory discharge. Since then, we have joined the majority of circuits in holding that discriminatory discharge is not actionable under section 1981, as limited by Patterson. See Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 975-76 (10th Cir.1991) (citing cases). We therefore reverse the order of the district court and its award of backpay.
 
 
 3
 Mr. Padilla argues on appeal that, regardless of our holding on the issue of discriminatory discharge, United's conduct in marking his employment file "Ineligible for Rehire" constituted a discriminatory failure to rehire.[1] Mr. Padilla alleged only discriminatory discharge below in both his complaint and the pretrial order, however, and the case was tried on that claim. We are thus precluded from reviewing the rehire claim. Cf. Prather v. Dayton Power & Light Co., 918 F.2d 1255, 1258-59 (6th Cir.1990) (upholding denial of untimely motion to amend pre-Patterson complaint at summary judgment stage to conform to Patterson 's limitations), cert. denied, --- U.S. ----, 111 S.Ct. 2889, 115 L.Ed.2d 1054 (1991). We therefore express no opinion as to whether a cause of action for rehire survives Patterson, and point out only that those courts that have faced the issue so far have reached differing conclusions. Compare Tillman v. Beaver Express Serv., 1991 WL 26936 (D.Kan.1991) (cause of action for failure to rehire under section 1981); Williams v. Avco Lycoming, 755 F.Supp. 47, 51 (D.Conn.1991) (same) with Smith v. Continental Ins. Corp., 747 F.Supp. 275, 282 (D.N.J.1990) (no cause of action for failure to rehire under Section 1981); Zeiour v. Chevron U.S.A., 1989 WL 140228 (E.D.La.1989) (same); Carter v. O'Hare Hotel Investors, 736 F.Supp. 158, 160 (N.D.Ill.1989) (same); Eklof v. Bramalea Ltd., 733 F.Supp. 935 (E.D.Pa.1989) (same).[2]
 
 
 4
 As a result of our holding, we need not reach United's other claims or Mr. Padilla's cross-appeal. The order of the district court is REVERSED.
 
 
 
 [1]
 By the time the case reached us on appeal, United had rehired Mr. Padilla for a permanent part-time position pursuant to a settlement agreement in related state court litigation. Mr. Padilla's rehire claim is not mooted, however, because he asserts he should have been rehired for a permanent full-time position
 
 
 [2]
 The question of exactly how narrowly Patterson restricts section 1981 may soon be mooted by the proposed Civil Rights Act of 1991, S. 1745, 102d Cong., 1st Sess. (1991), which reverses Patterson and several other recent Supreme Court civil rights cases