UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 11/29/96**

---

RUSSELL McINTOSH,

      Plaintiff - Appellant,

vs.

BOATMAN'S FIRST NATIONAL
BANK OF OKLAHOMA,

      Defendant - Appellee.

No. 95-5260
(D.C. No. 94-C-929-B)
(N.D.Okla.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, McWILLIAMS and KELLY, Circuit Judges.[**]

Plaintiff Russell McIntosh appeals from the district court's grant of summary

judgment in favor of Defendant Boatman's First National Bank of Oklahoma

(Boatman's) on his failure to hire racial discrimination claim under 42 U.S.C. § 3606 of

the Fair Housing Act (FHA). Boatman's argues that a failure to hire claim such as Mr.

McIntosh's cannot be brought under the FHA absent a connection to a claim of

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in the
determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is
therefore ordered submitted without oral argument.

discriminatory housing practices.  Assuming without deciding that Mr. McIntosh's claim in cognizable under the FHA, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Summary judgment in favor of Boatman's is appropriate because the statute of limitations had run before Mr. McIntosh initiated this action.  Section 3613 of the FHA provides that a private individual may commence a civil action not more than two years after the occurrence or the termination of an alleged discriminatory housing practice.  42 U.S.C. § 3613(a)(1)(A).  In his complaint, Mr. McIntosh states "[t]hat continuously until present the Plaintiff has sought work as an appraiser with [Boatman's] Bank."  He argues for the first time on appeal that this statement creates a fact dispute as to when the discriminatory practices ended, but he provides no evidence in support of this contention.  The nonmovant may not rely on mere allegations in the pleadings to overcome a summary judgment motion.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Flight Concepts v. Boeing Co., 38 F.3d 1152, 1156 (10th Cir. 1994).  In fact, in his deposition testimony and again in his response to summary judgment, Mr. McIntosh admitted that he did not seek employment as an appraiser with Boatman's after March 1992.  He filed his complaint in this action on October 3, 1994, two and one-half years after the occurrence or termination of the last alleged discriminatory practice.

Mr. McIntosh argues that his unsuccessful attempts to intervene as a party plaintiff

in another FHA case against the same Defendant[1] tolled the running of the limitations period in this action. Mr. McIntosh filed a motion to intervene in the Parker case in January 1993. While his motion was pending, and without the district court's approval, he filed a complaint in that case in March 1993. On August 30, 1994, the district court denied Mr. McIntosh's motion to intervene in the Parker case and dismissed his March 1993 complaint without prejudice.

Mr. McIntosh cites United States ex rel. Canion v. Randall & Blake, 817 F.2d 1188 (5th Cir. 1987). In Randall & Blake, a motion to intervene was filed within the limitations period, was granted after that period expired, and the intervenor then filed a complaint in the action. The Fifth Circuit held that the filing of the motion to intervene, and not the later approval of the motion and filing of the complaint, determined the commencement of the action. Id. at 1192. Mr. McIntosh's reliance on Randall & Blake is misplaced. It is not the filing of the motion qua motion which tolls the limitations period; rather, it is the fact that that motion is granted, establishing the intervenor as a proper party to the lawsuit, which renders the subsequent complaint timely. Mr. McIntosh's attempt to intervene in the Parker case was denied because he had no standing in that lawsuit—and his complaint was dismissed without prejudice. The filing of a complaint that is dismissed without prejudice does not toll the statutory filing period.

---

[1] Parker v. BancOklahoma Mortgage Co., No. 92-C-664-B (N.D. Okla. Oct. 20, 1993) (unpublished order and judgment). See McIntosh v. Boatman's First Nat'l Bank of Okla., No. 94-C-929-B, slip op. at 1-2 (N.D. Okla. Oct. 30, 1995).

Simons v. Southwest Petro-Chem, Inc., 28 F.3d 1029, 1030 (10th Cir. 1994); Brown v.

Hartshorne Public Sch. Dist. #1, 926 F.2d 959, 961 (10th Cir. 1991).

Defendant's request for damages and double costs for a frivolous appeal is denied.

Fed. R. App. P. 38.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge