**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DENNIS DILL,

    Plaintiff-Appellant and
    Cross-Appellee,

v.

CITY OF EDMOND, OKLAHOMA and
BILL VETTER, in his individual capacity,

    Defendants-Appellees and
    Cross-Appellants.

and

TERRY GREGG, in his official and
individual capacities; DAVID PRESTON,
in his official and individual capacities;
and BEN DAVES, in his official and
individual capacities,

    Defendants-Appellees.

Nos. 98-6162, 98-6186

(D.C. No. 95-CV-95)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK**, **McKAY**, and **KELLY**, Circuit Judges.[**]

The only issue in this appeal is the district court's award of attorney's fees. Plaintiff Dennis Dill challenges the district court's award of $30,246 in attorney's fees to Defendant Terry Gregg and $23,635.50 in attorney's fees to Defendants David Preston and Ben Daves. Defendants City of Edmond, Oklahoma and Bill Vetter challenge the district court's award of $23,500 in attorney's fees to Plaintiff. Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's award of attorney's fees for abuse of discretion. Jane L. v. Bangerter, 61 F.3d 1505, 1509 (10th Cir. 1995). Applying this standard, we vacate in part and affirm in part. As discussed below, we must vacate a portion of the award because we reversed several of the district court's substantive decisions in the underlying case of Dill v. City of Edmond, __ F.3d __, 1998 WL 546131 (10th Cir. 1998).

## I. Background

Plaintiff Dennis Dill, a police officer employed by the City of Edmond, Oklahoma, brought suit against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his First Amendment free speech and Fourteenth Amendment due process rights. Plaintiff also brought several pendent state law claims. The district court bifurcated the

---

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

case for trial because Plaintiff failed to make a timely jury demand for his claims against Defendants Terry Gregg, Bill Vetter and the City of Edmond. On November 2, 1995, the district court dismissed Plaintiff's First Amendment claim against the city, Gregg and Vetter.

In December 1996, the claims against Defendants Ben Daves and David Preston were tried before a jury, while the claims against Gregg, Vetter and the city were tried before the court. Ultimately, the court determined that Plaintiff should prevail against Vetter and the City of Edmond on the procedural due process claim and against the City of Edmond on the breach of contract claim. The court awarded nominal damages of one dollar on each claim. Defendants prevailed on Plaintiff's remaining claims before the court and the jury. The parties appealed.

On August 28, 1998, we reversed the district court's dismissal of the First Amendment claim against the city, Vetter and Gregg, reversed the district court's award of only nominal damages, and reversed the district court's denial of qualified immunity to Vetter on the procedural due process claim. We affirmed the district court in all other respects. Keeping these results in mind, we turn to the issue of attorney's fees.

## II. Analysis

Title 42 U.S.C. § 1988(b) authorizes the award of reasonable attorney's fees to prevailing parties in 42 U.S.C. § 1983 actions. However, a prevailing defendant may only recover attorney's fees if the plaintiff's claim was "frivolous, unreasonable, or

3

without foundation, even if not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). In this case, the district court concluded that the claims against Daves, Preston and Gregg fell within the ambit of Christiansburg, entitling them to attorney's fees. The district court also concluded that Plaintiff, as a prevailing party, was entitled to attorney's fees against Vetter and the city. We address the district court's awards in turn.

## A. Daves & Preston's Attorney's Fees

The district court awarded Defendants Daves and Preston attorney's fees in the amount of $23,635.50. As defendants in a civil rights case, Daves and Preston were only entitled to such an award if the claims against them were "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after [the claims] clearly became so." Christiansburg, 434 U.S. at 422. An award is not justified, however, just because the plaintiff "ultimately lost his case." Id. at 421. To allow an award of attorney's fees simply because the plaintiff did not prevail "would substantially add to the risk inhering in most litigation and would undercut the efforts of Congress to promote vigorous enforcement" of the civil rights laws. Id. at 422. Although bad faith on the part of the plaintiff is not required, its presence strengthens the basis for awarding attorney's fees. Id. The award of attorney's fees to prevailing defendants is committed to the sound discretion of the trial court. Simons v. Southwest Petro-Chem, Inc., 28 F.3d 1029, 1033 (10th Cir. 1994).

Plaintiff brought a procedural due process claim and state claims for tortious interference with business relations and civil conspiracy against Daves and Preston. The district court granted Daves and Preston judgment as a matter of law on all three claims, which we upheld in Dill v. City of Edmond, __ F.3d __, 1998 WL 546131 (10th Cir. 1998). After reviewing the record, we conclude that the claims against Daves and Preston were not warranted in fact or law. As the district court aptly stated, the claims against these two defendants were grounded in:

> baseless allegations and insinuations of conspiracy and wrongdoing . . . . [T]he court is not saying that merely because plaintiff did not prevail his claims must be frivolous. . . . Plaintiff should have realized by the time of trial he would need to come forward with more than mere speculation . . . . Having failed to come forward with credible, non-speculative evidence, plaintiff, and not these defendants, should bear the cost of risk associated with bringing these unsubstantiated claims to trial.

As we noted in our August 28, 1998, opinion, Plaintiff presented no evidence implicating Preston in wrongdoing. As to Daves, Plaintiff alleged that by changing his duty schedule to require him to work weekends, Daves violated Plaintiff's procedural due process rights and participated in a conspiracy against him. This claim is simply unsupported by the law. *De minimus* property interests such as this do not trigger due process protection. See Pitts v. Board of Educ. of U.S.D. 305, 869 F.2d 555, 556 (10th Cir. 1989).

Furthermore, Plaintiff's motive for adding Daves and Preston as defendants, more than a year and a half after filing the original complaint, is questionable. In the original complaint, Plaintiff failed to make a jury demand. When amending the complaint to add

5

Preston and Daves, Plaintiff included a jury demand and filed a Fed. R. Civ. P. 39 motion requesting a jury trial of <u>all</u> claims against <u>all</u> Defendants.[1] Defendants argue that the amended complaint constituted an unsuccessful attempt to "bootstrap" the jury demand to all the defendants. After reviewing the record, Defendants' characterization of Plaintiff's strategy seems likely and supports the award of attorney's fees. See <u>Towerridge, Inc. v. T.A.O., Inc.</u>, 111 F.3d 758, 768 (10th Cir. 1997) (bad faith in bringing an action warrants award of attorney's fees).

When we consider Plaintiff's conduct in light of the scant factual and legal support for the claims against Daves and Preston, we find that the district court did not abuse its discretion in awarding attorney's fees. Although we recognize the stringent nature of the standard for prevailing defendants, the claims against Daves and Preston present the rare circumstances justifying the award of attorney's fees to civil rights defendants.

## B. Gregg's Attorney's Fees

After granting judgment in Gregg's favor on Plaintiff's claims against him, the district court awarded Gregg, as a prevailing party under 42 U.S.C. § 1988(b), $30,246 in attorney's fees. The district court concluded that Plaintiff's claims against Gregg were "frivolous, unreasonable or groundless" within the meaning of <u>Christiansburg</u>, 434 U.S.

---

[1] The district court denied the Rule 39 motion, bifurcated the case and conducted both a jury and bench trial. In the order granting attorney's fees, the district court stated that Plaintiff's strategy was "especially lamentable [because] . . . the addition of the unsuccessful claims against Preston and Daves prolonged and complicated the case by requiring bifurcation."

6

at 422. Plaintiff now argues that the district court abused its discretion in applying Christianburg and awarding Gregg attorney's fees.

We need not reach the issue of whether Plaintiff's claims against Gregg fall within the Christianburg standard because we are not yet certain that Defendant qualifies as a prevailing party under 42 U.S.C. § 1988(b). In our August 28, 1998, opinion, we reversed the district court's dismissal of the First Amendment claim against Gregg and remanded for further proceedings. Dill v. City of Edmond, __ F.3d __, 1998 WL 546131 (10th Cir. 1998). Thus, the First Amendment claim against Gregg remains. Therefore, the attorney's fee award must be vacated pending resolution of this claim.

## C. Plaintiff's Attorney's Fees

The district court awarded Plaintiff $23,500 in attorney's fees against Vetter and the city. In Dill v. City of Edmond, __ F.3d __, 1998 WL 546131 (10th Cir. 1998), we altered the district court's decisions regarding Plaintiff's claims against these two Defendants. Specifically, we reversed the judgment against Vetter on the procedural due process claim, concluding that he was entitled to qualified immunity. We also reversed the district court's dismissal of the First Amendment claim against Vetter and the city. Finally, we concluded that the district court erred in awarding only nominal damages against the city. These actions impact the award of attorney's fees to Plaintiff. Therefore, we must vacate the award and remand the issue for further consideration upon the resolution of the remaining portion of this lawsuit.

7

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge