**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EUGENE A. GAITERS,
as Trustee and Beneficiary,

       Plaintiff-Appellant,

    and

RICHARD H. MORTON, as Trustee and
Beneficiary; M.G.H. TRUST,
an Irrevocable Trust,

       Plaintiffs,

  v.

CITY OF CATOOSA, a municipality of
Rogers County, Oklahoma, and named
representatives:  CURTIS CONLEY, Mayor
of the City of Catoosa, individually and in
his official capacity; JUDY SCULLAWL,
in her official capacity as Clerk of the City;
GEORGE GREGORY, Code Enforcement
Officer for the City of Catoosa, individually
and in his official capacity,

       Defendants-Appellees,

    and

CATHY PINKERTON BAKER,
Rogers County Treasurer, in her official
capacity; ARK WRECKING COMPANY
OF OKLAHOMA, INC., an
Oklahoma corporation,

       Defendants.

No. 06-5168
(D.C. No. 03-CV-425-CVE)
(N.D. Okla.)

# ORDER AND JUDGMENT[*]

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Eugene A. Gaiters appeals pro se from three post-judgment orders entered by the district court in this case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A brief review of the procedural history of this case is necessary to understand the limited scope of this appeal. Plaintiffs filed this action alleging civil rights and other claims in connection with a dispute involving real property. Plaintiffs and four of the defendants, City of Catoosa, Curtis Conley, George Gregory and Judy Scullawl, executed a settlement agreement, after which a stipulation of dismissal with prejudice was filed on September 23, 2004. Several months later, when plaintiffs had allegedly failed to comply with the terms of the settlement agreement, these defendants filed a motion to enforce it. Adopting a magistrate judge's report and recommendation, the district court ruled that it did

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not have jurisdiction to entertain defendants' motion. In doing so, it rejected their assertion that federal courts retain jurisdiction to enforce settlement agreements after an action has been dismissed with prejudice. In an order dated March 17, 2005, the court also denied as moot plaintiffs' pending pro se motion to vacate and set aside the settlement agreement. Plaintiffs did not appeal that ruling. Almost a year later, on February 24, 2006, they filed an amended motion to vacate and set aside the settlement agreement and stipulation of dismissal, asserting that the settlement was procured by fraud. On May 30, the district court again adopted a magistrate judge's report and recommendation, finding that plaintiffs' motion was untimely under Fed. R. Civ. P. 60(b)(1), (2) or (3) and that the court therefore did not have jurisdiction to rule on it.

Mr. Gaiters then proceeded on his own to continue to seek relief in the district court. He first filed a letter asking the district court judge to recuse herself based upon her alleged personal bias in favor of his former counsel, who had withdrawn from his representation of plaintiffs before the district court ruled on their motions to vacate the settlement. The district court construed the letter as a motion and denied it on June 9, 2006. Mr. Gaiters next filed a motion asserting that the district court's post-judgment orders adopting a magistrate judge's recommendations were void, because a magistrate judge may only be assigned to hear pre-trial matters under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(A). The district court denied that motion on June 21. And, finding

that any further filings in this matter would be frivolous, the court imposed filing restrictions on Mr. Gaiters. He then filed an application with the clerk of the court, as required by the filing restrictions, seeking permission to file a new motion to vacate the separate stipulated dismissal of another defendant, Ark Wrecking Company of Oklahoma, Inc. ("Ark Wrecking Co."). The district court held that the application did not comply with the requirements of the filing restrictions and denied it on July 28.

Mr. Gaiters did not file a notice appealing any of these rulings. Instead, he filed an application for a writ of mandamus in this court. We denied the application, but treated it as a misdirected notice of appeal. But many of the numerous issues raised in Mr. Gaiters' opening brief on appeal are not properly before this court. A timely notice of appeal is "a jurisdictional prerequisite to our review." *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006).[1] We therefore limit our review to the three district court orders addressed in his application for a writ of mandamus, as to which the notice of appeal was timely: specifically, the orders dated June 9, June 21, and July 28, 2006.[2]

---

[1] Mr. Gaiters' application for a writ of mandamus, filed on July 10, 2006, did not effect a timely appeal of the district court's May 30 order holding that the court lacked jurisdiction to review plaintiffs' amended motion to vacate.

[2] On August 10, 2006, Mr. Gaiters filed an application to supplement the record on his pending petition for writ of mandamus, in which he challenged the district court's July 28 order. We treated this filing as another misdirected notice of appeal.

Regarding the district court's June 9 order, Mr. Gaiters argues that the district court judge abused her discretion in denying his motion to recuse. Under 28 U.S.C. § 455(a), a district judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is "appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (quotation omitted). This court reviews the denial of a motion to recuse for an abuse of discretion. *Id.* The district court denied Mr. Gaiters' motion because he failed to provide any facts to show that a reasonable person could question the district court judge's impartiality. The court also found that the motion was untimely and Mr. Gaiters presented no reason for his delay. We have reviewed the record and find no legal error or abuse of discretion in the district court's denial of the motion to recuse. We therefore affirm for substantially the same reasons set forth in the district court's June 9, 2006, order.

Mr. Gaiters challenges both the substance of the June 21, 2006, order and the imposition of filing restrictions. In his motion Mr. Gaiters asserted that the district court's post-judgment orders adopting the recommendations of a magistrate judge were "ultra vires," "void," and a denial of due process, because a magistrate judge has no authority to adjudicate post-trial matters. R., Doc. 74 at 2. We construe Mr. Gaiters' motion as filed under Rule 60(b)(6), and therefore

review the district court's decision for an abuse of discretion. *See Searles v. Dechant*, 393 F.3d 1126, 1130-31 (10th Cir. 2004). Although the district court concluded that it lacked jurisdiction, and therefore did not exercise its discretion to consider Mr. Gaiters' motion, we need not remand because we can affirm the district court's denial of the motion as a matter of law. *See Simons v. S.W. Petro-Chem, Inc.*, 28 F.3d 1029, 1030 (10th Cir. 1994) (resolving issue district court failed to consider, where record was sufficient to permit decision as a matter of law). We have previously held that a district court may refer post-judgment matters to a magistrate judge under the "additional duties" provision of 28 U.S.C. § 636(b)(3), so long as the district judge retains the ultimate responsibility for decision making. *See Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989). Here, based on our review of the record, Mr. Gaiters' assertion that the district court failed to retain ultimate decision-making responsibility is unfounded.

Mr. Gaiters also asserts that the district court improperly imposed filing restrictions in its June 21 order. The restrictions require him to satisfy five criteria in an application to the court clerk, before he will be granted permission to file any further pleadings in this case. Specifically, he must set forth the legal and factual bases for his proposed pleading, a statement that the issue raised has never been finally disposed of by any court, the identity and nature of assistance by any third party, and a statement of compliance with Fed. R. Civ. P. 11.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quotation omitted). We review a district court's imposition of filing restrictions for an abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam).

Mr. Gaiters argues only that he has no previous history of filing frivolous pleadings. Yet even after the district court ruled that it lacked jurisdiction over plaintiffs' amended motion to vacate, he persisted in filing additional non-meritorious motions. We have examined the filing restrictions and note that they are not unreasonable, nor do they prevent the filing of meritorious pleadings. Further, they pertain only to further pleadings *in this case*, which was dismissed by the parties with prejudice in 2004. We hold that the district court did not abuse its discretion in imposing these narrowly-tailored restrictions.

Finally, Mr. Gaiters argues that the district court should have granted him permission to file a new motion to vacate the separate stipulated dismissal of Ark Wrecking Co. The district court held that he failed to satisfy the filing restrictions because he did not set forth the legal or factual bases for his proposed motion, and he refused to fully disclose any legal assistance he had received. We find no error of law or abuse of discretion in the district court's decision and

-7-

therefore affirm for substantially the same reasons set forth in its order dated July 28, 2006.

The judgment of the district court is AFFIRMED. Mr. Gaiters' motion to add Ark Wrecking Co. as an appellee is DENIED.

Entered for the Court


Stephen H. Anderson
Circuit Judge