Vicki H. BROWN, Plaintiff-Appellant,

v.

HARTSHORNE PUBLIC SCHOOL DIS-
TRICT # 1, Janie Trueblood; Lorraine
Hollis; Jack Holloway; Tommy McCul-
lar; Dr. Roy Honeywell, Defendants–
Appellees.

No. 90–7022.

United States Court of Appeals,
Tenth Circuit.

Feb. 20, 1991.

James D. Wadley, McAlester, Okl., for plaintiff-appellant.

Gene L. Mortensen, Rosenstein, Fist & Ringold, Tulsa, Okl., for defendants-appellees.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

Vicki Brown filed this suit against the Hartshorne School District and its school board members under 42 U.S.C. §§ 2000e *et seq.* (1988) (Title VII) and 42 U.S.C. § 1983 (1988), alleging that she was the victim of national origin discrimination and retaliation. The district court granted defendants' motion to dismiss, concluding that the suit was barred by the applicable statute of limitations and by Fed.R.Civ.P. 41(a)(1). Brown appeals, and we affirm in part and reverse in part.[1]

We previously considered Brown's claims and set out the history of her attempts to seek relief under Title VII and section 1983 in *Brown v. Hartshorne Pub. School Dist. No. 1,* 864 F.2d 680, 681 (10th Cir.1988) (*Brown I*), as follows:

"She filed her first EEOC charge alleging national origin discrimination in January 1979, and filed her first suit in April of that year. That suit was dismissed without prejudice. Brown refiled the suit in November 1980, and it was again dismissed in September 1981. She filed a second administrative charge of discrimination with respect to the 1984–85 school year on August 7, 1984, received a right-to-sue letter from the EEOC October 5, 1985, and filed this action January 2, 1986. In the instant complaint, Brown seeks relief under Title VII and section 1983, alleging both that the District has discriminated against her during the last ten years because she is Mexican–American, and that the District refused to hire her for the 1985–86 school year in retaliation for her previous suits."

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argumen.

Thus, Brown received her most recent right-to-sue letter on October 5, 1985, and filed a timely action on January 2, 1986. On appeal in that action we reversed the district court's grant of summary judgment in favor of the school district and remanded for further proceedings. Following our remand and shortly before trial was to begin, Brown filed a motion for voluntary dismissal because her attorney was incapacitated with a back injury. The case was dismissed without prejudice on October 18, 1989, and Brown filed the instant action on November 17, 1989.

■ As an initial matter, we conclude that the district court erred in holding *sua sponte* that the preclusive effect of Rule 41(a)(1) applies to this action. Rule 41(a)(1) provides in pertinent part that an action voluntarily dismissed by a plaintiff "is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." Under this "two dismissal rule," it is the *second* voluntary dismissal which is in essence with prejudice, and the *third* suit which is therefore barred.

As set out in *Brown I,* the first two dismissals, which occurred in March 1980 and September 1981, involved claims alleging discrimination occurring in 1979. In the third action as well as in the instant suit, although Brown asserted that the discrimination begun in 1979 continued up to the time the suits were filed, she specifically challenged defendants' failure to hire her for the school years 1984–85 and 1985–86. Accordingly, the first two dismissals were not "based on or including the same claim" as the third and present actions within the meaning of Rule 41(a)(1). Those earlier dismissals are therefore irrelevant for purposes of the two dismissal rule. Moreover, as defendants forthrightly noted in their brief on appeal, while Brown's prior Title VII suits have been dismissed three times, the first time was on defendant's motion, and the second time was by order of the court for failure to comply with one of its orders. Only the third dismissal was voluntary within the ambit of Rule 41(a)(1). The two dismissal rule thus does not apply and Brown's suit is not barred under Rule 41(a)(1).

■ The district court was correct, however, in holding Brown's Title VII claim barred by the applicable statute of limitations. Title VII requires that a plaintiff bring a judicial action within ninety days of receipt of a right-to-sue letter. *See* 42 U.S.C. §§ 2000e–5(f)(1) (1988). It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought. *See, e.g., Robinson v. Willow Glen Academy,* 895 F.2d 1168, 1169 (7th Cir.1990); *Dupree v. Jefferson,* 666 F.2d 606, 611 (D.C.Cir.1981); 5 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 41.05[2] at 41–66 to –67 (2d ed.1990); 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2367 at 186 (1971). In the absence of a statute to the contrary, the limitation period is not tolled during the pendency of the dismissed action. *See id.; see also Willard v. Wood,* 164 U.S. 502, 523, 17 S.Ct. 176, 181, 41 L.Ed. 531 (1896); *Stein v. Reynolds Sec., Inc.,* 667 F.2d 33, 33–34 (11th Cir.1982). Courts have specifically held that the filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII. *See Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1027 (5th Cir.1988) (per curiam); *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir.1987) (per curiam). We agree.

■ Brown argues that her filing of the most recent action was nonetheless timely through application of Oklahoma's saving statute. *See* Okla.Stat. tit. 12, § 100 (1981) (plaintiff has one year from nonmerit dismissal of action to refile). When Congress has provided a federal statute of limitation for a federal claim, however, state tolling and saving provisions are not applicable. *See e.g., Davis v. Smith's Transfer, Inc.,* 841 F.2d 139, 140 (6th Cir.1988) (per curiam); *Garrison v. International Paper Co.,* 714 F.2d 757, 759 n. 2 (8th Cir.1983).

■ Brown also argues that this suit is timely because it asserts a continuing viola-

tion. We disagree. We recognized in *Brown I* that a plaintiff who is the victim of a continuing violation may not need to exhaust administrative remedies as to acts that are part of the continuing violation but occur after the administrative charge is filed. *See* 864 F.2d at 682. However, the continuing violation theory does not eliminate the requirement that a plaintiff file a judicial action within ninety days of receipt of notice of the right to sue. Accordingly, we conclude that Brown's Title VII action is barred by her failure to file it within the requisite period of limitations.

■ We reach a different conclusion with respect to Brown's claim under section 1983. Because no federal statute of limitations is provided for section 1983 suits, we measure the timeliness of such actions by state law. *See Hardin v. Straub*, 490 U.S. 536, 538, 109 S.Ct. 1998, 2000, 104 L.Ed.2d 582 (1989). The Supreme Court has made clear that a federal court applying a state's limitations periods should apply that state's tolling provisions as well. "Limitations periods in § 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules.'" *Id.* 109 S.Ct. at 2001 (quoting *Board of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980)); *see also Bianchi v. Bellingham Police Dept.*, 909 F.2d 1316, 1317–18 (9th Cir.1990); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (9th Cir.) (per curiam); *cert. denied*, —— U.S. ——, 111 S.Ct. 265, 112 L.Ed.2d 222 (1990); *Rodriguez Narvaez v. Nazario*, 895 F.2d 38, 42 (1st Cir.1990); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989). The same reasoning applies to the savings provision, which is an integral part of a state's limitations and tolling rules. *See Whittle v. Wiseman*, 683 F.2d 1128, 1129 (8th Cir. 1982); *see also Garrison*, 714 F.2d at 759 n. 2 (Arkansas savings clause applies to § 1981 claim).

■ Accordingly, we must address whether Oklahoma law provides for saving Brown's otherwise untimely [2] section 1983 claim. Brown relies on Okla.Stat. tit. 12, § 100 (1981), which states:

"If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

Under this statute, "[w]here a timely commenced action is dismissed without prejudice on plaintiff's motion before trial on the merits but after the statute of limitations has run, the plaintiff may commence a new action within a year after such dismissal." *In the Matter of Speake*, 743 P.2d 648, 650 n. 3 (Okla.1987) (citing *Powers v. Atchison, Topeka & Santa Fe Ry.*, 392 P.2d 744, 746 (Okla.1964)). Brown's present suit against the school district, filed a month after she dismissed the previous action, clearly falls within the ambit of section 100 and is therefore not barred by the statute of limitations. However, while the previous suit named as defendant only the Hartshorne Public School District, the refiled suit names the school board members in addition to the district. Because the board members were not named in the prior action, the saving statute does not apply to the suit against them and it is therefore untimely.

Affirmed in part, reversed in part, and remanded for further proceedings.

---

**2.** The applicable statute of limitations for section 1983 claims brought in Oklahoma is two years. *See Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir.1984) (en banc).