UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 11/2/95**

Steve L. Ciszkowski,                          )
                                              )
    Plaintiff-Appellant,         )
                                              )        No. 95-7086
v.                                            ) (D.C. No. CV-94-650-B)
                                              )     (E. Dist. Okla.)
JOE RECTOR, CO I; MARCUS POGUE,               )
Medical Director, Mack Alford                 )
Correctional Center,                          )
                                              )
    Defendants-Appellees.        )

ORDER AND JUDGMENT[*]

Before, **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Steve L. Ciszkowski, a pro se prisoner, brought this action under 42 U.S.C. § 1983 against defendant prison officials. He alleges that he was subjected to cruel and unusual punishment while an inmate at an Oklahoma correctional facility when he was injured repairing a television cable. The district court granted defendants' motion to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

dismiss, ruling that the action was barred by the applicable statute of limitations. Mr. Ciszkowski appeals and we affirm.

"Because Congress has not enacted a statute of limitations expressly applicable to section 1983 claims, the courts must adopt the most analogous limitations period provided by state law." Abbitt v. Franklin, 731 F.2d 661, 663 (10th Cir. 1984) (en banc), *aff'd*, 471 U.S. 261 (1985). These claims are best characterized as personal injury actions, and "we therefore apply the relevant state statute of limitations applicable to such actions." Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994) (citing Wilson v. Garcia, 471 U.S. 261, 280 (1985)). The most analogous Oklahoma statute is the two-year limitation period provided in Okla. Stat. tit. 12, § 95 (1991) for injury to the rights of another. *See* Abbitt, 731 F.2d at 663. The Supreme Court has further directed that when we apply a state's limitations periods we "should apply that state's tolling provisions as well." Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 962 (10th Cir. 1991). This directive also applies to a state's saving provisions. Id.

The events underlying Mr. Ciszkowski's section 1983 claim took place on August 13, 1992. He filed the instant action on December 7, 1994, after the applicable two-year period had run. Mr. Ciszkowski argues that his suit is nonetheless timely, relying on the Oklahoma saving statute, which provides:

> If any action is commenced within due time, and a
> judgment thereon for the plaintiff is reversed, or if the
> plaintiff fail in such action otherwise than upon the
> merits, the plaintiff, or, if he should die, and the cause
> of action survive, his representatives may commence a new
> action within one (1) year after the reversal or failure

-2-

> although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100 (1991). Mr. Ciszkowski points out that he filed a timely action in state court based on the same events at issue here. He further points out that the instant 1983 action was filed within one year of the dismissal of the prior state court action. The record reveals that Mr. Ciszkowski's prior state court suit, based on the same facts, was a negligence action against the Oklahoma Department of Corrections and its agents and employers brought pursuant to the Oklahoma Governmental Tort Claims Act.

In granting defendants' motion to dismiss, the district court did not address the Oklahoma saving provision. Defendants contend on appeal that Mr. Ciszkowski's reliance on section 100 is misplaced because he did not file his section 1983 action until after the two-year period had expired. The Oklahoma Supreme Court, however, has construed section 100 in light of that state's transactional approach to the definition of a cause of action. *See* <u>Chandler v. Denton</u>, 741 P.2d 855, 862-64 (Okla. 1987). Under this approach, "a plaintiff must allege the operative events upon which he relies for his theories of recovery within the time period prescribed by the applicable statute." *Id.* at 863. If he does so and section 100 is otherwise applicable, he may assert a new theory of recovery based on those events in his new action. *Id.* at 863-64. Because Mr. Ciskowski did allege the operative events in his first timely suit, his failure to assert his section 1983 theory of recovery within two years would not bar him from pursuing that theory now.

We nonetheless conclude that section 100 does not save Mr.

-3-

Ciszkowski's suit.  That section by its terms only applies when the original action fails otherwise than upon the merits.  "And the burden rests upon a plaintiff to bring himself within the ambit of the statute."  <u>Allen v. Garnett</u>, 100 F.2d 555, 557 (10th Cir. 1938).  In this case, the only evidence in the record on this issue, a letter from Mr. Ciskowski's lawyer, indicates that Mr. Ciszkowski's state action was in fact dismissed on the merits.  He has therefore failed to carry the burden of establishing that section 100 is applicable.

The judge of the district court is AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge