UNITED STATES COURT OF APPEALS
**Filed 3/28/96TENTH CIRCUIT**

Terry L. Benschoter,

   Plaintiff-Appellant,

v.          Case No. 95-3014

Graham Ship by Truck, Co. and International (D.C. 94-2123-KHV)
Brotherhood of Teamsters Local Union No. (District of Kansas)
696,

   Defendants-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before EBEL, HENRY, and McKAY, Circuit Judges.

---

Plaintiff-Appellant Terry L. Benschoter brought a "hybrid action" under section 301 of

the National Labor Relations Act (NLRA), 29 U.S.C. § 185, against his employer, Graham Ship

by Truck, Co. (Graham) and against his union, International Brotherhood of Teamsters Local

Union No. 696 (the Union), claiming that Graham breached its collective bargaining agreement

with Mr. Benschoter and that the Union breached its duty of fair representation in administering

that agreement.  He also asserted a state law claim for fraud against Graham.  The district court

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

granted Graham's motion to dismiss and the Union's motion for summary judgment based on the court's finding that section 10(b) of the NLRA, 29 U.S.C. § 160(b), the statute of limitations that governed Mr. Benschoter's action, barred Mr. Benschoter's claims.  The district court further found that the NLRA preempted Mr. Benschoter's state law fraud claim.  Mr. Benschoter now appeals the district court's holding regarding the statute of limitations.  We review the district court's grant of Graham's motion to dismiss and of the Union's motion for summary judgment de novo, see, e.g., In re Hastie, 2 F.3d 1042, 1044 (10th Cir. 1993),  and we affirm.

## I. BACKGROUND

On November 4, 1991, Mr. Benschoter filed a grievance with the Union, alleging that his reassignment after the death of one of his co-employees at Graham violated his seniority rights. He amended this grievance and filed it with Graham on December 3, 1991.  On April 9, 1992, Mr. Benschoter's grievance was denied on the merits.  The parties stipulated that Mr. Benschoter "had knowledge of the decision denying his grievance" on April 13, 1992.  See Dist. Ct. Order at 2.  On July 6, 1992, Graham posted a seniority list.  Mr. Benschoter claims he was wrongly placed "at the bottom" of such list.  See Aplt's Br. at 2.  Mr. Benschoter then filed a second grievance, in which he complained that he had more seniority than the list reflected, and he challenged "the posting and his placement on the invalid and illegal seniority list."  See Aplt's Br. at 5.  On September 29, 1992, Mr. Benschoter's second grievance was denied on the grounds that it raised the same claims as had been raised and resolved in his first grievance.  The parties stipulated that on October 9, 1992, Mr. Benschoter "had knowledge that the second grievance had been denied" for this reason.  See Dist. Ct. Order at 2.  On March 1, 1993, Mr. Benschoter

2

filed a lawsuit (Benschoter I) against the Union and Graham. In response to Mr. Benschoter's

subsequent motion to voluntarily dismiss Benschoter I, the district court granted such motion and

dismissed Benschoter I without prejudice on September 27, 1993. On March 24, 1994, Mr.

Benschoter filed a second lawsuit (Benschoter II) against the Union and Graham. In Benschoter

II, the district court granted Graham's motion to dismiss and the Union's motion for summary

judgment, from which Mr. Benschoter now appeals.


## II. DISCUSSION

On appeal, Mr. Benschoter argues that the district court erred in finding his claim time-

barred. The parties agree that section 10(b) of the NLRA, 29 U.S.C. § 160(b), and its six-month

limitations period govern Mr. Benschoter's claims. See Lucas v. Mountain States Tel. & Tel.,

909 F.2d 419, 420 (10th Cir. 1990) (stating that "the six-month statute of limitations prescribed

by section 10(b) of the [NLRA] applies to hybrid suits under section 301"). They disagree,

however, on its application here. Where a union rejects the claims of an aggrieved employee at

some point in the grievance process, as occurred here, "the six-month limitation period begins to

run when the employee knows or, through the exercise of reasonable diligence, should have

known of that union's decision or action." Id. at 421. Here, the latest possible date that Mr.

Benschoter can claim activated the running of the limitations period is October 9, 1992, when

Mr. Benschoter became aware of the denial of his second grievance.[1] Therefore, absent any

---

[1]The defendants claim that Mr. Benschoter should have known of the Union's decision to reject his claims regarding his seniority at a much earlier date, April 9, 1992, when his initial grievance was denied on the merits. Therefore, they claim, his cause of action against them accrued on that date, rather than on October 9, 1992. See Aplees' Br. at 3. Nevertheless, they claim that under either accrual date, Mr. Benschoter's action is untimely. Id. We need not

3

tolling of the limitations period, the latest possible date he could have filed his action (Benschoter II) was on April 9, 1993.

Mr. Benschoter argues that although he filed this action on March 24, 1994, over seventeen months from October 9, 1992, the date Mr. Benschoter knew of the denial of his second grievance, his action was not barred because the statute of limitations was tolled from September 27, 1993, the date of the dismissal of Benschoter I, to March 24, 1994, the date of the filing of Benschoter II. He argues that his original action, Benschoter I, was timely filed and that in dismissing Benschoter I without prejudice under Fed. R. Civ. P. 41(a)(2), the district court "retained jurisdiction;" this, he incorrectly claims, tolled the statute of limitations, making his filing of Benschoter II timely. "It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought. In the absence of a statute to the contrary, the limitation period is not tolled during the pendency of the dismissed action." Brown v. Hartshorne Public Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991) (citations omitted). Further, there is no reason for the district court's imposition of conditions on Mr. Benschoter's refiling of his action, see Aplt's App. at 63-64, as allowed by Rule 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." (emphasis added)), to affect the application of the rule in Brown as Mr. Benschoter proposes that it does.[2]

_____

decide on what date the six-month limitations period began to run because even under the latest possible date, October 9, 1992, we find that Mr. Benschoter's action is untimely.

[2]Even if we were to accept Mr. Benschoter's argument that the district court's dismissal of Benschoter II without prejudice under Fed. R. Civ. P. 41(a)(2) tolled the statute of limitations, to rule in Mr. Benschoter's favor we first would have to find that Benschoter I was timely filed. To so find, we would have to conclude that Mr. Benschoter's second grievance, which he filed

4

We therefore AFFIRM the district court's grant of Graham's motion to dismiss and of the

Union's motion for summary judgment.


Entered for the Court,


Robert H. Henry
Circuit Judge

---

less than six months before he filed Benschoter I, complained of something different than his first grievance, which he filed more than six months before he filed Benschoter I. However, we find no error in the district court's conclusion that Mr. Benschoter's second grievance "was simply an attempt to reopen his earlier grievance and did not extend the statute of limitations." Dist. Ct. Order at 4. "[A]bsent a specific provision in a collective bargaining agreement authorizing an employee to reopen a grievance, efforts by an employee to do so neither toll the statute of limitations for bringing a hybrid § 301/fair representation claim nor cause it to run anew." Helms v. Yellow Freight Sys., Inc., 721 F. Supp. 277, 280 ( D. Kan. 1989).

Mr. Benschoter argues that the rule in Helms does not apply here because his grievances complain of different wrongs in that the "second grievance addresses the biased posting of an arbitrary seniority list at [Mr. Benschoter's] place of employment;" Aplt's Br. at 12; whereas, his "first grievance does not even allude to such an act, because the act of posting the seniority list had not even occurred when the first grievance was filed." Id. Although Mr. Benschoter correctly notes that Graham did not post the seniority list in question until after Mr. Benschoter filed his first grievance, the defendants correctly argue that both of Mr. Benschoter's grievances complain of the same thing: Graham's allegedly improper determination of Mr. Benschoter's seniority rights. See Aplees' Br. at 11, 13. Therefore, Mr. Benschoter's second grievance is indeed an attempt to reopen his first grievance. Under the rule in Helms, Mr. Benschoter's efforts to reopen his discharged first grievance by filing a second grievance neither tolled the statute of limitations nor caused it to run anew. Therefore, his filing of Benschoter I was untimely.

5