**Rose Marie EIDSHAHEN, Plaintiff,**

v.

**PIZZA HUT OF AMERICA, INC., Defendant.**

**Civil No. 3:96CV2513(PCD).**

United States District Court, D. Connecticut.

July 10, 1997.

Kathleen Eldergill, Drew S. Graham, Beck & Eldergill, Manchester, CT, for Plaintiff.

Chase T. Rogers, Joseph Ferraro, Cummings & Lockwood, Stamford, CT, for Defendant.

*RULING ON MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT*

DORSEY, Chief Judge.

Plaintiff alleges employment discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendant moves to dismiss, or in the alternative, for summary judgment pursuant to Fed. R.Civ.P. 12(b)(6) and 56. Defendant argues the complaint is barred by the applicable statute of limitations. The motion is denied.

## I. BACKGROUND

The following facts are undisputed. Defendant Pizza Hut of America, Inc. ("Pizza Hut"), hired plaintiff Rose Marie Eidshahen ("Eidshahen") on August 30, 1992. Plaintiff was injured on defendant's premises on October 28, 1992. After the date of the injury, plaintiff did not return to work for defendant. The Equal Employment Opportunity Commission ("EEOC") issued plaintiff a right to sue letter on May 15, 1995.

Plaintiff, *pro se,* filed a timely complaint on August 14, 1995 in the District Court for the Western District of Washington ("Washington action"). In April 1996, plaintiff requested a change of venue from the District Court of Washington to the District of Connecticut because she had returned to Connecticut. Magistrate Judge David Wilson agreed to grant plaintiff's motion on the condition that plaintiff pay defendant $1500 for attorney's fees. Plaintiff did not pay the $1500. Accordingly, the motion to transfer venue was denied.

On December 12, 1996, plaintiff filed suit in the District of Connecticut ("Connecticut action"). Plaintiff filed a motion to dismiss the Washington action on December 31, 1996. On March 4, 1997, the motion was granted and the Washington action was dismissed without prejudice.

## II. DISCUSSION

### A. *Standard of Review*

■ Defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment pursuant to Fed.

R.Civ.P. 56(c). If material outside the pleadings is considered, the motion is considered a motion for summary judgment. *See Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir.1988). When deciding whether summary judgment is appropriate, "[t]he essential inquiry is whether the ... [parties] ... should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or [were] taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *In Re G. & A. Books, Inc.* 770 F.2d 288, 295 (2d Cir.1985), *cert. denied, M.J.M. Exhibitors, Inc. v. Stern,* 475 U.S. 1015, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986). Plaintiff submitted materials outside the pleadings, including an affidavit, which are considered. Both parties briefed for a motion for summary judgment. As a result, this motion is treated as one for summary judgment.

Summary judgment is granted when, from the pleadings and the evidence, "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Disputes are "genuine" when a reasonable jury could find in favor of the nonmovant. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Facts are "material" when under governing law they could affect the outcome of the case. *See id.* All justifiable inferences are drawn in favor of the nonmoving party. *See id.* at 255, 106 S.Ct. at 2513–14. The moving party has the burden to show the absence of genuine dispute over material facts. *See Adickes v. S.H. Kress Co.* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *See also Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975).

### B. *Equitable Tolling of the Statute of Limitations*

■ Defendant argues the Connecticut action is barred because it was not filed within 90 days of plaintiff's receipt of the EEOC right to sue letter, as is required by the applicable statute of limitations. *See* 42 U.S.C. § 2000e–5(f)(1); *See also Holt v.*

*KMI–Continental, Inc.*, 95 F.3d 123, 132 (2d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997). Plaintiff counters that the Washington action equitably tolled the statute of limitations.

Defendant relies on the general rule that a previous voluntarily dismissed action does not toll the statute of limitations. *See Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir.1991). However, in cases governed by the procedural requirements of Title VII, principles of equity may justify tolling the statutory limits. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990). The ADA incorporates the procedural mechanisms of Title VII, 42 U.S.C. § 12117(a).

Equitable tolling has been allowed where the plaintiff has actively pursued judicial remedies by filing a defective pleading within the statutory period. *Burnett v. New York Central RR Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). In *Burnett*, the timely filing of a complaint, followed by dismissal because it was filed in a state forum instead of a federal forum, justified tolling the statute of limitations. *Id.* at 429, 85 S.Ct. at 1055. The Court noted that plaintiff had not slept on his rights, but rather had brought the action within the statute of limitations in a court of competent jurisdiction. *Id.* Plaintiff believed his state action was sufficient, because defendant could waive the venue objection. *Id.* However, defendant chose not to do so and plaintiff's case was dismissed. *Id.* at 429–30, 85 S.Ct. at 1055–56.

In concluding that the statute of limitations should be tolled by the filing of the case filed in the improper forum, the Court in *Burnett* pointed to 28 U.S.C. § 1406(a), which allows "[t]he district court of a district in which is filed a case laying venue in the wrong division or district ... if it be in the interest of justice [to] transfer such case to any district or division in which it could have been brought." The Court noted that by enacting this statute, Congress recognized

that "the filing of a lawsuit 'itself shows the proper diligence on the part of the plaintiff which ... statutes of limitation were intended to insure." *Id.* at 430, 85 S.Ct. at 1055–56 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962)). The same reasoning may be applied to the enactment of 28 U.S.C. § 1404(a), the statute governing plaintiffs transfer request, which provides that a district court "for the convenience of parties and witnesses, in the interest of justice ... may transfer any civil action to any other district or division where it might have been brought." As plaintiff did not sleep on her rights, but rather filed her case in a court of competent jurisdiction and sought transfer, equity weighs in her favor.

Moreover, equitable tolling has also been applied where the court has led the plaintiff to believe that she has done everything required of her. *Carlile v. South Routt Sch. Dist. RE 3–J*, 652 F.2d 981 (10th Cir.1981).[1] The court in *Carlile* declined to dismiss a case as barred by the limitations period where the court issued an unsolicited order extending the time in which plaintiff could file her complaint past the 90–day period. *Id.* at 986.

In the present case, plaintiff claims that when she filed her original claim pro se within the statutory period in Washington, where she was visiting for several months, the court clerk told her that there would be no problem transferring the case to Connecticut. (Aff. of Rosemarie Eidshahen at ¶¶ 9, 11.) She further claims that the clerk did not mention the possibility of incurring costs for attorneys fees as a condition for transferring the case. (*Id.*) Her offer to make a payment on a $50/month basis with reasonable interest was rejected by defendant. (*Id.* at ¶ 15.) When the court denied her motion to transfer the case, plaintiff re-filed the claim in Connecticut, *pro se* and *in forma pauperis.* (*Id.* at ¶ 18.)

She further claims she relied on the oral statement of Magistrate Judge Wilson's that, in order to file her suit in Connecticut, she

---

1. The fact that, ultimately, plaintiff voluntarily dismissed her case rather than have it transferred, while a factor which makes it distinguishable from *Burnett*, is not controlling, in light of

the alleged statements made by the court clerk and the judge regarding plaintiffs case. *See infra* p. 5.

**116**

should "look into" having her suit dismissed in Washington. (*Id.* at ¶ 17.) A reasonable inference could be drawn that the judge's statement gave the misleading impression that dismissal of her Washington action would in no way jeopardize her suit in Connecticut. She asserts that had she known that dismissal of the Washington claim would jeopardize the Connecticut claim, she never would have filed the motion to dismiss. (*Id.* at ¶ 21.)

 Once factors that may justify equitable tolling are identified, in deciding whether to toll the statute of limitations, courts must also weigh the hardship to defendant. *See Baldwin,* 466 U.S. at 152, 104 S.Ct. at 1726. Statutes of limitations exist primarily for the protection of defendants. *See Burnett,* 380 U.S. at 428, 85 S.Ct. at 1054–55. "The theory [behind statutes of limitations] is that . . . it is unjust not to put the adversary on notice to defend within the period of limitation . . ." *Order of R.R. Telegraphers v. Railway Express Agency,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). Defendant was on notice of the claim before the expiration of the statute of limitations. Plaintiff claims that defendant was served in the previous case, filed an appearance and answer, and commenced discovery. (*Id.* at ¶ 12.) The tolling of the statute of limitations by the filing of the Washington action affords defendant minimal, if any, prejudice.

Defendant has failed to establish that there is an absence of factual dispute regarding the equities of plaintiffs failure to comply with the 90–day rule. *Cf. Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2nd Cir.1984) (court held that the 90–day time limit is subject to equitable tolling, but granted summary judgment for defendant because plaintiff refused to submit affidavit substantiating claim that EEOC official represented the complaint could be filed late). Plaintiff alleges and substantiates facts which, if believed, could justify tolling the statute of limitations. Moreover, the prejudice to defendant, if any, is minimal. Accordingly, defendant's motion is denied.

### III. CONCLUSION

Accordingly, defendant's motion to dismiss, or in the alternative for summary judgment (docs. 14–1 and 14–2) is **denied.** The parties shall file their report pursuant to Fed. R.Civ.P. 26(f) on or before July 3 1, 1997.

SO ORDERED.