**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONNA N. SCOTT,

      Plaintiff - Appellant,

v.

THE BOEING COMPANY,

      Defendant - Appellee.

No. 01-3339
D.C. No. 01-CV-4057-DES
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. BACKGROUND

On May, 18, 2001, Donna N. Scott, proceeding pro se, filed this action alleging that the Boeing Company had denied her promotions, pay upgrades, and accommodations and had ultimately terminated her employment on the basis of a medical condition (diabetes) and her race (African-American). Ms. Scott asserted violations of the Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12101 et seq., and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.A. § 2000e et seq. The district court granted Boeing's motion to dismiss Ms. Scott's complaint because she had failed to file this lawsuit within ninety days of receiving a notice of right to sue.

## II. DISCUSSION

The district court's dismissal of Ms. Scott's complaint on statute of limitations grounds involves a legal question. We therefore review the dismissal de novo. Sterlin v. Biomune Sys., 154 F.3d 1191, 1194-95 (10th Cir. 1998). Upon review of the record, we agree with the district court that Ms. Scott's claims under Title VII and the ADA are untimely.

Both Title VII and the ADA require a plaintiff to file an action within ninety days of the issuance of a right to sue letter. See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); Brown v. Hartshorne Pub. Sch. Dist.,

926 F.2d 959, 961 (10th Cir. 1991) (affirming dismissal of Title VII claim because the plaintiff failed to file a complaint within ninety days of receiving a right to sue letter). Here, Ms. Scott received a notice of right to sue on April 17, 1999, nearly two years before she filed the instant case.

As the district court noted, Ms. Scott did file two previous lawsuits asserting the same claims. She filed the first of these lawsuits on July 13, 1999 (within ninety days of receiving the notice of right to sue). Ms. Scott never served the defendant in that case, and the court dismissed it without prejudice on January 21, 2000. Ms. Scott filed a second lawsuit on July 21, 2000. However, Ms. Scott also did not serve the defendant in the second case, and the court dismissed it without prejudice on February 6, 2001.

This circuit has held "that the filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII." Brown, 926 F.2d at 961. We reasoned that "as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought." Id. Other courts have applied this rule to ADA claims, see Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998) (holding that "the dismissal without prejudice of [the plaintiff's] first action doomed his ADA claim because the ninety-day filing period had run").

As the district court observed, application of this rule here renders Ms. Scott's complaint in the instant case untimely. She filed her complaint in the instant case on May 18, 2001, nearly two years after she received the right to sue letter.

Moreover, even if the ninety-day period were tolled during the pendency of Ms. Scott's prior lawsuits, the instant action would still not be timely. More than ninety days elapsed between (1) the dismissal of Ms. Scott's first case (on January 21, 2000) and the filing of the second case (on July 21, 2000), and (2) the dismissal of the second case (on February 6, 2001) and the filing of the instant action (on May 18, 2001).

We also reject Ms. Scott's argument that the ninety-day limitation period was subject to equitable tolling under the facts of this case. Generally, equitable tolling is warranted only if the circumstances of the case "rise to the level of active deception which might invoke the powers of equity." Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir. 1979). Thus, equitable tolling may be appropriate when the plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts," Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984) (internal quotation marks omitted), or if the plaintiff is "actively misled" or "has in some extraordinary way been

prevented from asserting his or her rights." Id. (internal quotation marks omitted).

Here, Ms. Scott has failed to establish that such circumstances are present. In her appellate brief she argues only that the dismissal of the first two cases was "due to [her] lack of know-how in getting a party served," Aplt's Br. at 8, and that, because the dismissal of the first two cases for lack of service led to the running of the limitations period, that period should be equitably tolled. Unfortunately for Ms. Scott, such a lack of knowledge is insufficient to establish equitable tolling under our precedent. See Gatewood v. Railroad Retirement Bd., 88 F.3d 886, 890 (10th Cir. 1996) ("[W]e are aware of no authority . . . which suggests that ignorance of the law should warrant equitable tolling of a statute of limitations.").

<u>CONCLUSION</u>

Accordingly, we AFFIRM the district court's order dismissing Ms. Scott's complaint.

Entered for the Court,


Robert H. Henry
Circuit Judge


-5-