No. 05-238

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 97N

ALLISON CHAPMAN,

       Plaintiff and Appellant,

  v.

CREDIT ASSOCIATES, INC.,

       Defendant and Respondent.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County Cascade, Cause No. DDV 2004-939,
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Allison Chapman, *pro se*, Geraldine, Montana

    For Respondent:

        Dirk Larsen, Larsen Law Firm, Great Falls, Montana

Submitted on Briefs:  April 5, 2006

Decided:  May 9, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     On June 26, 2000, and again on May 24, 2002, Allison Chapman (Chapman) received medical care at a Benefis Healthcare, Inc. (Benefis) facility in Great Falls, Montana.  Dissatisfied with the treatment (which allegedly exacerbated the physical conditions that had prompted Chapman's visits), Chapman refused to pay for the services.  Following unsuccessful efforts to collect payment from Chapman, Benefis retained Credit Associates, Inc. (Credit Associates), which on June 12, 2003, mailed Chapman a collection letter.  Chapman replied in a letter dated June 19, 2003, stating that she would not be paying anything on the debt and demanding, pursuant to the Fair Debt Collection Practices Act (FDCPA), *see* 15 U.S.C. §§ 1692-1692o, that Credit Associates "cease any and all communication with me."

¶3     Credit Associates received Chapman's cease and desist letter the next day (June 20, 2003).  Notwithstanding, it mailed a second letter to Chapman on June 23, 2003, enclosing verification data that it claims it was obligated to send her pursuant to the FDCPA (*see* 15 U.S.C. § 1692g(a)).  Then, on July 15, 2003, counsel for Credit Associates sent Chapman another letter, this time informing her that his firm had been

2

employed to collect from her the balance due on her account. In addition, Credit Associates allegedly contacted Chapman by telephone on two separate occasions between June 12, 2003, and July 15, 2003, demanding immediate payment under threat of litigation. (Credit Associates denies that it made these calls.)

¶4 Three lawsuits have been filed based on the foregoing events. First, on or about September 8, 2003, Credit Associates filed suit in the Chouteau County Justice Court (Cause No. 03-CV-6803, *Credit Associates, Inc. v. Allison Chapman*) seeking a judgment against Chapman in the amount of $405.65. Chapman filed an Answer on or about October 21, 2003, in which she denied liability, raised the FDCPA as an "affirmative defense," and moved to dismiss the action. The Justice Court denied her motion; the action proceeded to a bench trial on January 15, 2004; and on January 20, 2004, the court entered judgment in favor of Credit Associates. Chapman thereafter filed an appeal with the District Court; however, she did not file an undertaking as required by § 25-33-201(1), MCA. Thus, her appeal was dismissed on July 8, 2004.

¶5 Meanwhile, on October 2, 2003, while the action in Justice Court was pending, Chapman, appearing pro se, filed a complaint in the United States District Court for the District of Montana (Cause No. CV-03-136-GF-CSO, *Allison Chapman v. Credit Associates, Inc.*), alleging that Credit Associates had violated the FDCPA by attempting to collect on the debt to Benefis after receipt of Chapman's June 19, 2003, letter. On August 2, 2004, Chapman filed a motion to dismiss the action without prejudice, indicating that she would be re-filing the suit in state court. Credit Associates filed no opposition, and the court granted the motion on September 1, 2004.

3

¶6 Also on August 2, 2004, Chapman, again appearing pro se, filed the instant action against Credit Associates in the District Court for the Eighth Judicial District, Cascade County. In her complaint, she alleged that the post-June 19, 2003, communications by Credit Associates concerning the Benefis debt violated the FDCPA, and she requested damages under 15 U.S.C. § 1692k.[1]

¶7 On January 18, 2005, Credit Associates filed a Motion for Summary Judgment pursuant to Rule 56, M.R.Civ.P., arguing that its communications did not violate the FDCPA and that, even if its communications did violate the FDCPA, Chapman's claim was barred by the applicable statute of limitations and also by the doctrine of *res judicata*. The District Court heard oral arguments on February 23, 2005, and on March 9, 2005, granted the motion. The court explained that of the communications alleged by Chapman to have violated the FDCPA, the most recent occurred on July 15, 2003. Thus, when Chapman filed her complaint on August 2, 2004, she was fifteen days beyond the one-year statute of limitations for claims under the FDCPA. *See* 15 U.S.C. § 1692k(d). The court also rejected Chapman's suggestion that by commencing the FDCPA action in state court on the same day that she moved to dismiss the FDCPA action in federal court,

---

[1]Chapman also named Benefis as a defendant. She alleged that Benefis had breached two medical services contracts by failing to properly care for her on the two separate occasions discussed above, for which she sought $25,000 in damages. On November 16, 2004, the District Court dismissed Benefis from the case pursuant to Rule 12(b)(6), M.R.Civ.P., reasoning that Chapman's breach of contract claim was, in essence, a claim of medical malpractice as defined by § 27-6-103(5), MCA, and, as such, it had to be submitted for review under the Montana Medical Legal Panel Act prior to her filing a complaint in a district court, *see* § 27-6-301, MCA. Chapman does challenge this dismissal on appeal.

the federal and state court actions were one continuous action (that related back to the earlier filing date of the federal action). This appeal followed.

¶8 Where Congress has expressly set a limitations period on a federal claim, state statutes of limitations, including state tolling provisions, do not apply. *See Brown v. Hartshorne Public School Dist. No. 1* (10th Cir. 1991), 926 F.2d 959, 961 ("When Congress has provided a federal statute of limitation for a federal claim, . . . state tolling and saving provisions are not applicable."). Rather, "[t]he Congressional statute of limitation is definitive." *Holmberg v. Armbrecht* (1946), 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743, 746. With respect to actions brought under the FDCPA, Congress has set the limitations period at one year. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."). Thus, as the District Court reasoned, Chapman's action—filed on August 2, 2004, more than one year after the last allegedly unlawful communication on July 15, 2003—is procedurally barred.

¶9 Chapman maintains that the instant action was filed on December 3, 2003, well within the one-year statute of limitations. (This date presumably derives from the United States District Court's Order, issued on December 3, 2003, to serve Chapman's complaint on Credit Associates.) She reasons that the action "was dismissed without prejudice by order of the United States District Court, without objection by Credit Associates Inc.," and "was refiled in state court within the time allowed by law, therefore this suit was not barred by statute of limitations."

5

¶10 Chapman's argument, however, depends on the mistaken premise that her action filed in the United States District Court and her action filed in the Montana Eighth Judicial District Court are the same action—ostensibly because both actions involve a claim against Credit Associates under the FDCPA, and because she filed a motion to dismiss the former action on the same day that she filed the complaint in the latter action. To the contrary, her federal and state actions are distinct. Notably, they coexisted between August 2, 2004 (when she filed the complaint in the Eighth Judicial District Court) and September 1, 2004 (when the United States District Court dismissed her federal action). It is also noteworthy that the state action involved a claim (against Benefis) that had not been raised in the federal action. In any event, actions are not transferable between these two independent court systems in the manner suggested by Chapman. *Cf.* 28 U.S.C. § 1441 (providing for the removal and remanding of certain actions between state and federal courts, which does not apply to Chapman's situation).

¶11 Furthermore, an action filed in federal court and then voluntarily dismissed—as was Chapman's federal action—is treated as if it had never been filed. *See Beck v. Caterpillar Inc.* (7th Cir. 1995), 50 F.3d 405, 407. "[A]s a general rule, a voluntary dismissal without prejudice leaves the parties as though the action had never been brought. In the absence of a statute to the contrary, the limitation period is not tolled during the pendency of the dismissed action."[2] *Brown*, 926 F.2d at 961 (citations

---

[2] The same is true under § 27-2-407, MCA, on which the District Court and Credit Associates relied. This provision states that "[i]f an action is commenced within the time limited therefor and a judgment therein is reversed on appeal without awarding a new trial or the action is terminated in any other manner than by *a voluntary discontinuance*, a

omitted). Thus, FDCPA's one-year limitation period was not tolled by the pendency of Chapman's FDCPA claim filed in the United States District Court.

¶12 In light of the foregoing discussion, the statute of limitations issue is dispositive of Chapman's appeal. Because this issue is clearly controlled by settled federal law, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶13 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS

---

dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action for the same cause after the expiration of the time so limited and within 1 year after such a reversal or termination." Section 27-2-407, MCA (emphasis added).